## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINA SANABRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09- 2319-KHV |
| ) | |
| MANUEL FERNANDO SANABRIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

Christina Sanabria, a resident of Pennsylvania, brought this diversity suit against her father, Manuel Sanabria, then a resident of Kansas and a citizen of the nation of Colombia. The complaint sought to quiet title to property at 5307 Goodman, Overland Park, Kansas, to eject defendant from the house, and to enjoin defendant from trespassing and making threats against the property. This matter comes before the Court on the Motion For Hearing On Plaintiff's Motion For Action To Quiet Title (Doc. #11) which plaintiff filed on September 24, 2009. For reasons set forth below, the Court overrules the motion.

### Factual Allegations And Procedural Background

On February 22, 2000, defendant took title to the property at 5307 Goodman. On August 11, 2008, defendant signed and filed a quit-claim deed which transferred his interest in the property to plaintiff. In the spring of 2009, defendant learned that plaintiff planned to borrow money with the house as collateral and to sell the house. On April 20, 2009, defendant filed with the Johnson County Registrar of Deeds an affidavit which stated that he still owned the property and that he did

not intend to sell or borrow money against it. The affidavit stated that defendant was mentally ill when he involuntarily signed the quit claim deed in favor of plaintiff.

In May of 2009, plaintiff's attorney sent defendant a certified letter which demanded that defendant vacate the property and stop renting out rooms in the house. Plaintiff asserts that defendant then told plaintiff that he would burn down the house. Plaintiff notified her insurance company of defendant's threat, and the insurance company canceled the policy on the house.

Defendant had suffered from depression and sought treatment from several psychiatrists over the years. Defendant's deposition testimony about the quit claim deed was inconsistent and confusing. At one point he stated that the signature on the quit claim deed was not his. He later said that plaintiff drugged him at breakfast on the morning that he signed the quit claim deed.

On June 16, 200, the Court held a hearing on plaintiff's <u>Motion For Temporary Restraining Order</u> (Doc. #3). Defendant attended the hearing pro se, although plaintiff had not obtained service. Plaintiff did not attend, but appeared through counsel. The Court overruled the motion, noting that plaintiff had not presented evidence to support a TRO. On September 10, 2009, plaintiff filed a motion for a preliminary injunction, see Doc. #7, and the Court scheduled a hearing on the motion for October 1, 2009. On September 24, 2009, however, plaintiff filed a <u>Suggestion Of Death</u> (Doc. #13) stating that Manuel Sanabria had died on September 13 or 14, 2009 of an "apparently self-inflicted gun shot wound." The Court thereafter overruled as moot the motion for preliminary injunction. <u>See</u> Doc. #15.

Analysis

Rule 25(a), Federal Rules of Civil Procedure, sets forth the procedure to follow upon the death of a party to a lawsuit:

(a) Death.

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). As noted, on September 24, 2009, plaintiff filed a suggestion of death but she has not filed a motion for substitution. Rather, plaintiff asks to proceed with the action to quiet title and asserts that "since this is now an action in rem, it does not need a defendant." She asserts that "if the house at 5307 Goodman passes through probate, it will generate a large fee, as compared to passing as a gift, which is what it was." See Brief Supporting Plaintiff's Motion For Hearing On Action To Quiet Title (Doc. #13) filed September 24, 2009, at 1. Plaintiff states that she is the sole heir of Manuel Sanabria; that she will receive the house "in any event" and that she should receive it "as she thought she was getting it originally, as a gift." Id.

The Court rejects plaintiff's assertion that the matter is "now an action in rem" which does not require a defendant. If Mr. Sanabria held an interest in the home at 5307 Goodman, that interest

may have passed to his estate upon his death. The estate is therefore potentially a proper party. Although plaintiff filed a suggestion of death on September 24, 2009, she has not demonstrated that she has served nonparties – specifically, the successors or representatives of the deceased party's estate. See Fed. R. Civ. P. Rule 4 and 25(a); see also Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990); Wolters v. Conner, No. 03-3251-KHV, 2004 WL 2496699, at *3 (D. Kan. Nov. 4, 2004); Hippen v. Griffiths, No. 90-2024-V, 1991 WL 152833, at *2-3 (D. Kan. July 9, 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Hearing On Plaintiff's Motion For Action To Quiet Title (Doc. #11) filed on September 24, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **December 21, 2009**, plaintiff shall file proof that she has served the decedent's successor or representative pursuant to Rule 4 and Rule 25(a), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that if plaintiff does not timely file such proof of service, the Court will dismiss this case without further notice, for lack of prosecution.

Dated this 4th day of December, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Court